## CITY COURT OF BROOKLYN.

### CHARLES DITBERNER agt. STEPHEN ROGERS.

*Negligence — Liability of employers for injuries received by employe — When contractor not liable for injuries received by breaking of a plank upon a scaffold.*

One who licenses or employs others to go on a lofty scaffold is not liable for injuries from the breaking of a plank unless affirmative knowledge of its defects is brought home to him.

The rule in this state is not that laid down in the recent English cases (*Heaven* agt. *Pender*; 28 *Alb. L. J,,* 143, *&c.*).

Men loaned by a contractor to a sub-contractor to move planks, &c., as required by the sub-contractor, will not be held to be the contractor's men in such sense as to make the contractor liable.

*General Term, November*, 1883.

THE plaintiff sues for $15,000 damages sustained in falling some sixty feet from a lofty scaffold. The church furnished the original scaffold to all the several contractors. Plaintiff

was in the employ of one Mulholland, a sub-contractor, who frescoed the interior of the dome of the church. Rogers had the contract of painting and made a sub-contract for frescoing to Mulholland. Rogers loaned two men to Mulholland to move the planks as required. A cross-grained plank broke in the middle and precipitated plaintiff to the floor. These two men (as plaintiff's testimony showed) placed all the planks in that quarter of the church, and plaintiff claimed they should have detected and rejected the cross-grained plank. The frescoing which defendant employed Mulholland to do was necessarily to be done on the scaffold in question.

*A. Simis*, for plaintiff. The jury should have passed on the question whether defendant did contract to furnish the scaffold, or else whether he did not in fact, by his men, place these planks. Defendant was negligent in not testing the planks and scaffold before sending his sub-contractor upon it. The negligence of defendant's servants was the negligence of defendant. Nevertheless, negligence of defendant was not necessary. All who license, permit or employ people to go upon or make use of articles pre-eminently dangerous, *per se* (such as lofty scaffolds, noxious poisons, &c.), are liable for consequent injuries. So held in New York and in a recent case like that at bar in England (*Heaven* agt. *Pender*, 28 *Alb. L. J.*, 143; *Coughtry* agt. *Globe W. Co.*, 56 *N. Y.*, 124; *Thomas* agt. *Winchester*, 6 *N. Y.*, 397; *Homer* agt. *Nicholson*, 56 *Mo.*, 220; *Michaels* agt. *Stanton*, 3 *Hun*, 462; *Laning* agt. *N. Y. C. R. R.*, 49 *N. Y.*, 525).

*W. G. Peckham*, for defendant. The nonsuit should be affirmed. *Heaven* agt. *Pender* is not law in this state. Privity of contract or liability is not requisite as to certain matters dangerous *per se*, such as lofty scaffolds; but some affirmative negligence or notice is requisite in this state. The two men were: 1st. Competent men. 2d. They were, *pro tempore*, Mulholland's men. That the foreman and his assist-

ant were, neither of them, an *alter ergo* of defendant, was a matter of law for the court (*Hart* agt. *N. Y. Floating Dock*, 48 *Super. Ct.*, 466; *Henry* agt. *Brady*, 9 *Daly*, 43; *Devlin* agt. *Smith*, 89 *N. Y.*, 470, *and* 25 *Hun*, 207; *McMillin* agt. *S. R. R.*, 20 *Barb.*, 454).

McCue, *J.* — The defendant who is a painter entered into a contract for the painting and frescoing of a church which was being built. The building committee of the church made contracts for the different kinds of work necessary in the erection of the structure, and among others made the contract with the defendant. Upon the trial the defendant testified: " The church were to furnish me with the scaffold, they did so : furnished the entire scaffold ; I had nothing at all to do with it; I did not furnish or lay, or order to be laid, any planks in the whole scaffold." The scaffold was erected in September, 1882, and was used by the framers, iron men, lathers, plasterers, carpenters and finally by the defendant who commenced work, viz., the plain painting on the 14th day of November, 1882. About the 1st day of December, 1882, the defendant employed one Mulholland, under a sub-contract to do the fresco work, and Mulholland employed the plaintiff to aid with another in the fresco work, while so engaged on the sixteenth day of December, the plaintiff fell from the the scaffold and was injured. Mulholland obtained from the defendant the services of two workmen, who had been engaged under the direction of the defendant in doing the plain work of the painting. Mulholland testified : " I am a fresco painter and am in the habit of taking sub-contracts which I did in the case of this church ; as to the ornamental part of the frescoing, Mr. Rogers (the defendant) had no control or direction of my men. It was not a portion of my contract that he should furnish me two men, but I requested the loan of these men in connection with the contract. He had to furnish me with a scaffold, and he furnished me with two men who had some knowledge of scaffolding, or I would

not have taken them; I knew them to be competent. Mr. Rogers never, to my knowledge, gave any orders or directions for the placing or replacing, or removing or setting of the planks." It also appears that these two men, George and Henry, so furnished by the defendant, were also paid by him, but they were under the direction of Mulholland, and it was their business under his directions to move the planks from one section to another of the scaffold for the fresco painters to do their work. "The fresco painter needs more scaffold than the plasterer does, and to. make the scaffold good and secure and comfortable, planks had to be taken away from the other sections and moved around there."

At the close of the plaintiff's case a motion for a nonsuit was granted, the exceptions to be heard in the first instance at the general term.

The facts thus referred to are sufficient to present the questions upon which it is claimed that the defendant is liable for the accident, and that the plaintiff had the right to go to the jury on the questions of negligence.

The plaintiff claims: 1st. That the defendant was bound to provide a safe scaffold for Mulholland's men, and that he did not. 2d. That the broken plank was placed there by the defendant's employes, and that it was negligence to supply the scaffold in that condition for Mulholland.

We must bear in mind that the gist of the action is negligence. "An employer does not undertake absolutely with his employes for the sufficiency or safety of the implements and facilities furnished for their work, but only for the exercise of reasonable care in that respect, and when injury from an employe results from a defect in the implements furnished, knowledge of the defect must be brought home to the employer, or proof given that he omitted the exercise of proper care to discover it." Such is the rule laid down in the case of *Devlin* agt. *Smith* (89 *N. Y.*, 476). Upon the undisputed facts of the case and under this rule, it seems to us that the case under examination was properly disposed of.

Ditberner agt. Rogers.

The scaffold in use was not constructed by the defendant. It was constructed by the building committee of the church, and was used in common by all the workmen employed on the different parts of the general structure. But besides the scaffold proper (leaving out the planks) was sufficiently and securely built. It had been used continuously from its erection with entire safety, and there had been no suggestion even that the scaffold was unsafe, or that its condition caused the accident. Undoubtedly it was the breaking of a loose plank which precipitated the plaintiff.

If it had appeared that the scaffold proper had been insufficiently secured or fastened, as in the case of *Devlin* agt. *Smith*, there might have been a question to submit to the jury as to the negligence of the defendant in furnishing a defective implement or structure, but such is not the fact, and upon this branch of the case we think the ruling of the court at trial term was clear and correct.

The other question then remains, was the use of the broken plank any evidence of the neglect of the defendant? We think not. There is no evidence going to show that the condition of the plank was observed by any of the workmen, and, within the rule above stated, knowledge of the defect should have been brought to the defendant. There is no evidence going to show that this particular plank was furnished by the defendant.

If it should be said that the two workmen who were furnished by the defendant to the sub-contractor, laid and changed from time to time, as it became necessary, all the planks, including this particular one which caused the accident, to make a flooring for the fresco painters to work, it cannot be claimed that they were in the defendant's employ. The evidence is clear that while their wages were advanced by the defendant, according to the terms of the sub-contract between the defendant and Mulholland, nevertheless, on this day and while doing this work, George and Henry, the two workmen referred to, were under

the direction of Mulholland, and were his workmen as much as was the plaintiff himself. If they, or either of them, then, were careless or negligent, the result cannot be charged to the defendant. It may be regarded as an instance of carelessness on the part of a fellow workman, but does not involve the liability of the defendant as an employer.

Without, therefore, discussing this branch of the case any further, we are of the opinion that, on all the evidence in the case, there is no cause of action and the nonsuit below should be affirmed and judgment entered in favor of the defendant against the plaintiffs, with costs.

REYNOLDS, *J.* — I concur in the judgment for the defendant. Plaintiff was not in his employ, nor was there any privity of contract between them. Neither is the defendant liable upon the doctrine of *Devlin* agt. *Smith*. He did not build the scaffold, nor furnish any of the materials used in it or upon it. The church furnished the scaffold to him (and to the other mechanics) to do his work. A part of this work he sub-contracted to Mulholland, the plaintiff's employer, and it was tacitly taken for granted between them that Mulholland should use the same scaffold which had been furnished to defendant. He says "he had to furnish me with a scaffold," and this is explained on his cross-examination as follows : " Q. You say Rogers had to supply you with a scaffold ? A. Some one had to supply me ; I never supply scaffolds." It does not appear from this or any other testimony in the case that defendant agreed with Mulholland to furnish him a scaffold. It was simply assumed that he was to use the one that was there. This does not make the defendant responsible for its soundness.

I also agree with the chief judge that defendant is not responsible for the acts of the two men whom he had lent to Mulholland to work for him. But whether he was or not I

NEW YORK PRACTICE REPORTS. **41**

see no evidence that either of 'them was guilty of negligence in the matter.

Nonsuit affirmed.

Motion was made for a reargument on the basis of *Heaven* agt. *Pender*, &c. (decided since the appeal). The motion was denied.