O’Gorman, J.
(Concurring).—This is an appeal from a judgment in favor of the defendant, entered on a verdict by direction of the court below.
The action was brought to recover damages for injuries to the person of the plaintiff, received while he was in the employment of the defendant, by reason of a fall from a platform furnished by the defendant, which plaintiff claims to have been unsafe and insecurely erected, through the negligence of the defendant.
' The defendant in August, 1883, employed one Schneider to repair the brown stone front of his house in Washington Square, at a certain contract price. Schneider was partner of the plaintiff in that business, and they, and one Schilling, their employee, went to work, beginning at the lower part of the plaintiff’s house. A scaffold was necessary'to do the work on the upper part of the house, and neither Schneider nor the plaintiff owned a scaffold. The defendant had engaged one Kelly, a painter, to paint the front of his house, and it was in some way, arranged between defendant and Schneider, that the defendant should have the use of the painter’s scaffold, when put up. Kelly had just finished work on some other house *434 near by, and the owner wished the scaffold removed at once. Kelly thereupon, for his own convenience, and preparatory for the painting to be done by him for defendant, put up his scaffold on the front of defendant’s house, not knowing, however, that it was to be used by the stone-cutters, Schneider and the plaintiff, and Schilling. Kelly had been used to put up scaffolds, and used due care in putting this scaffold up for the use of his own men. He went on the roof of the house, and in person attended to fixing the supports of the scaffold and hanging it properly. He thought it perfectly safe for himself and his own men.
There is no evidence that the scaffolding was not competent and strong enough, or that it was not carefully put up by him, and carefully fastened. The scaffold had been in position for some days, when Schneider and the plaintiff, and Schilling went to work on it, at about 10 a. in. on August 13, 1883. In the course of the day, it was moved, and so remained for about two hours, until about 5 p.m., when it sagged on one side about one foot, causing the plaintiff and Schilling to fall to the ground.
The sagging of the scaffold was caused wholly by the breaking of a large part of the cornice, on the top of the house, over which the falls suspending the scaffold passed. This cornice was made of wood, covered with tin, and there was no indication or apparent reason to believe that the wood was unsound or likely to break. Kelly looked at the cornice and thought it was all right. The defendant testified that, before the plaintiff went to work, Schneider went with defendant to the roof of the house, and carefully examined the manner of fixing the support's of the scaffold, and satisfied himself, that by close examination, that all was right; that .there was nothing wrong about it. This is denied by Schneider, who says that he did not go to the roof before the accident, and that he took the defendant’s word for it. ■ He testifies, however, that he had used a painter’s scaffold when he needed it, or thought it the quickest way.
*435 The question is whether, on the facts as taken most favorable to the plaintiff, the defendant is responsible for the breaking of the cornice and the sagging of the platform, and the consequent injury to the plaintiff. He was responsible if he failed to use reasonable and ordinary care in the putting up of the scaffold, and not otherwise.
The rule on that subject is well expressed in Devlin v. Smith (89 N. Y. 470), “an employer does not undertake absolutely with his employees for the sufficiency or safety of the implements and facilities furnished for their work, but only for the exercise of reasonable care in that respect, and where injury to an employee results from a defect in the implements furnished, knowledge of the defect must be brought home to the employer, or proof given that he omitted the exercise of proper care to discover it.”
Tested by this standard, it is hard to see wherein defendant failed to exercise all the care that the law required of him.
It does not appear that he had personally any knowledge as to scaffolds, or how they should be constructed or put up ; or that he had any knowledge of the liability of the cornice to break, or could by any ordinary care or caution have acquired such knowledge ; and he was justified in relying on the thorough examination made by Kelly, the painter, when he put up the scaffold for his own men. If, as defendant testified, Schneider went on the roof and made a careful personal examination of the mode in which the scaffold was there suspended, and concluded that it was all right, plaintiff was justified in depending on his opinion. If Schneider, without due examination of the mode of slinging the scaffold, and providing for its safety and its sufficiency for the purpose to which he intended to apply it, allowed more men to stand on it than was reasonably safe, then the disaster is attributable to his negligence.
The plaintiff, in order to sustain his action, was bound to prove affirmatively that it occurred by reason of the culpable negligence of the defendant. I think he has *436 failed to do so (Morse v. N. Y. C. R. R., 23 Week. Dig. 469).
The judgment and order appealed from should be affirmed, with costs.