JOSEPH F. SWAN, Appellant, *v.* JOHN F. JACKSON, Respondent.

*Negligence — when the manufacturer of an article is not liable for an injury occasioned thereby to a third person.*

In an action brought to recover for injuries received by an employee of an ice company, it appeared that while engaged in delivering ice at a meat market, into a box, from a platform constructed six feet above the floor and intended to sustain the weight of a man while he was filling it, the employee fell from the platform upon which he was standing, by reason of the defective construction thereof; that the box and platform had been constructed for the butcher by one Jackson, the defendant in the action, in a defective and negligent manner.

*Held,* that while the builder or manufacturer of an article may incur liability to third parties, where the defects are such as to render the article itself imminently dangerous, and where serious injury and loss would result from its use, yet that such a rule would not apply to a scaffold like the one in question, as it would not be a natural and necessary consequence of the imperfect and unnatural construction of the box or scaffolding that injury would result to the third person.

That this case was within the general rule, that a manufacturer or builder of a defective article is not liable for injuries resulting to third persons, and not within the exception thereto covering the cases where the article is imminently dangerous and calculated to cause injury.

Appeal by the plaintiff from a judgment dismissing the complaint with costs, after a trial at the Kings County Circuit, entered in the office of the clerk of the county of Kings on the 30th day of April, 1888.

The action was brought against one John F. Jackson, to recover damages for alleged personal injuries which the plaintiff claimed to have received while attempting to put ice into an ice-box made by said Jackson for one John Boettcher, who was not a party to this action.

The plaintiff was temporarily employed by the Montauk Ice Company on an ice-wagon to assist in the delivery of ice, and while delivering ice into the box of the said John Boettcher he sustained the injuries in question.

*Charles J. Patterson,* for the appellant.

*Isaac Fromme,* for the respondent.

DYKMAN, J.:

The defendant in this action constructed an ice-box for one John Boettcher, who kept a meat market in the city of Brooklyn. The box was about twelve feet high, and upon the front side there was a platform about six feet high from the floor. The platform was supported by iron arms, and was designed as a standing place for men who were filling the ice-box, to enable them to place the ice in the box when the ice was hoisted for that purpose by ropes and pulleys.

There was testimony tending to show that these iron arms were defective. The plaintiff was in the employ of an ice company which supplied Boettcher with ice, and it was the duty of the plaintiff to deliver and deposit the ice into the box. To enable him to perform that duty he was obliged to go upon the platform with another man, and while he was so upon the platform engaged in placing ice into the box, one of the iron arms broke and gave way, and let the platform down, and in falling he received very severe injuries. The plaintiff's complaint was dismissed upon the trial at the close of his case, and he has appealed from the judgment.

Negligence is an omission of duty or the violation of the obligation which enjoins care. Generally, the law imposes no liability where there is no privity, and hence the rule by which actions of this character are determined is, that a stranger cannot recover from the builder for damages resulting from the defective construction of any edifice, structure or article, after the title of the object has changed and has passed from his possession, control and direction. The reason for the rule being, that the person sought to be charged, has no connection with the wrong, because the entire control of the article has passed from the builder, and is at the time of the injury subject to the existing owners and proprietors.

Judge STRONG, in his opinion, in the case of *The Mayor* v. *Cunliff* (2 N. Y., 175, 180) illustrated the rule by the following hypothetical case: "A carpenter is hired to build a barn and furnish the materials. He carelessly places a timber, slightly defective, under the mow, and the barn is accepted by the owner. Some years afterwards the timber, owing to its original defect, breaks and falls upon a laborer, who sustains a serious injury, can he recover of the carpenter?" After stating another suppositional

case in the same connection, he says : " I know of no decision which would authorize a recovery under such circumstances."

The case of *Loop* v. *Litchfield* (42 N. Y., 351) was this : The defendants in that action manufactured a balance-wheel for sale and sold it to one Callister, who purchased it for his own use in a machine for sawing wood by horse-power. There was a hole in the rim of the wheel caused by shrinkage in casting, which weakened the wheel. That defect was visible, and the attention of Callister was called to it before the purchase. The defendants filled the cavity with lead secured by a bolt, to receive which a hole was drilled through the rim, still further weakening the wheel, and it was then painted over and, by the request of Callister, adjusted to the machine by the defendants. After it had been in use over four years, the wheel burst, parting where it had been drilled to receive the bolt, and a fragment struck the plaintiff's intestate, who was using the machine with the consent of Callister, with such violence as to cause his death. In that case it was decided by the Court of Appeals, in an action brought under the statute for causing death by negligence, that the plaintiff could not recover. This case and the suppositional case of Judge STRONG have been cited fully because they bear much similarity to the case in hand.

The case of *Losee* v. *Clute* (51 N. Y., 494) bears much resemblance to the last case, and was decided in the same way upon the same principle, and we think these cases are decisive of this appeal. Yet, notwithstanding the well-settled rule of law which we have stated, the builder or manufacturer of an article may incur liability to third parties where the defects are such as to render the article itself *imminently dangerous*, and where serious injury and misfortune would result from its use.

The case of *Thomas* v. *Winchester* (6 N. Y., 397) involved that principle, and, in the subsequent cases of *Coughtry* v. *The Globe Woolen Co.* (56 N. Y., 124) and *Devlin* v. *Smith* (89 id., 470), the doctrine was extended so as to apply to the erection of a very high scaffold. In the former case, the scaffold was about fifty feet from the ground, and in the latter it was about ninety feet. In both these cases, the Court of Appeals reached the conclusion that misfortune to third persons, not parties to the contract, would be a natural and necessary consequence of the builder's negligence, and that the cases

were taken out of the operation of the general rule of law by that fact. Now, the plaintiff seeks to bring this case within these last-named decisions and the decision of the English Court of Appeal in the case of *Heaven* v. *Pender* (11 Q. B. Div., 503). We do not think this case sufficiently analogous to the last-named cases to justify the application of the principle upon which they were decided.

The scaffold in question was six feet from the floor and constructed and intended to sustain the weight of a man while he was filling the ice-box, and we do not think it can be assumed that misfortune or injury to third persons, not parties to the contract, would be a natural and necessary consequence of the imperfect construction of the box or the scaffold, within the meaning of the decisions invoked in aid of this action.

Our conclusion is that this case is to be controlled by the general rule of law established in this State, and not by the exceptions to that rule recognized in the case of *Devlin* v. *Smith* (89 N. Y., 470).

The judgment should be affirmed, with costs

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.