## MAUER v. FERGUSON et al.

*(City Court of Brooklyn, General Term.　January 25, 1892.)*

**1. NEGLIGENCE—DANGEROUS PREMISES—INSUFFICIENT SCAFFOLD.**

A workman employed in making alterations to a building went, without request or invitation, upon a scaffold, which gave way, throwing him to the ground, and causing his death. The scaffold did not belong to his employers, nor had they any right to use it, but had been erected by another contractor for a different kind of work. *Held*, that such other contractor was not liable for the death so occasioned, nor were deceased's employers liable therefor, in the absence of a finding that they adopted the scaffold as their own, for the use of their workmen.

**2. OPINION EVIDENCE.**

In an action for the death of plaintiff's intestate, caused by the breaking of a scaffold, a witness should not be allowed to testify as to whether, in his opinion, the scaffold was "put up right."

Appeal from trial term.

Action by Barbara Mauer, as administratrix of Michael Mauer, deceased, against Robert B. Ferguson, John Bulch, and Louis Mehrmann, for the death of plaintiff's intestate. Complaint dismissed as to defendant Ferguson, and verdict and judgment thereon for defendants Bulch and Mehrmann. Plaintiff appeals from the judgments and an order denying his motion for a new trial as to defendants Bulch and Mehrmann. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*J. H. Greensward*, for appellant. *A. G. McDonald* and *John B. Meyenborg*, for respondents.

VAN WYCK, J. This is an action to recover, by plaintiff, damages for the death of her husband, on the claim that it was caused solely by the negligence of the defendants. The defendants, Ferguson, on the one hand, and Bulch and Mehrman, who are partners, on the other hand, appeared and defended separately. At the conclusion of plaintiff's proof, the complaint was dismissed as to Ferguson, and judgment was entered thereupon. The case, at the conclusion of all the proofs, was submitted, as to the other defendants, to the jury, who rendered a verdict in their favor. Judgment was entered thereupon. The plaintiff appeals from both judgments, and also from order denying motion for new trial as against the defendants Bulch & Mehrmann. Cooper & McKee were the owners of a large four-story frame factory on Gwinnett street, Brooklyn, and a small one-story building adjoining, which was used as their office. At the time of the accident, and for months prior thereto, extensive alterations and repairs were being made to both. They had a separate contract with defendant Ferguson to do one portion of the work, and a separate contract with defendants Bulch & Mehrmann to do the other portion. The latter, while engaged in the performance of their contract, and for their use therein, erected a large scaffold, 60 feet long, in front of the large building some weeks prior to the accident. The defendant Ferguson, a few days prior to the accident, being required by his contract to place a cornice over the window of the office building, erected for that purpose a small scaffold about 8 feet high in front of the office, and one of his workmen had used it in putting this cornice in position. On the day of the accident none of Ferguson's workmen were upon this small scaffold. But three of Bulch & Mehrmann's workman, including the decedent, Michael Mauer, were at work upon their own large scaffold, boarding up the front of the large

four-story building, when it seems they needed a joist for a brace, and Bodemann, one of the three workmen, went down to get it and hand it up to Mauer. Mauer, instead of remaining upon the scaffold furnished by his employers, and upon which his work required him to be, got some distance down upon Ferguson's small scaffold, which gave way while he was in the act of receiving the joist from Bodemann, precipitating him to the ground, resulting in his death. The evidence disclosed no reason why he did not remain on the scaffold furnished him by his employers to receive this joist. There is some evidence that Ferguson's small scaffold was defective in construction, though it had served the purpose for which Ferguson had erected it, viz., to enable his workmen to place a cornice over the office window. Ferguson constructed this small scaffold for the use of his own workmen, and there is not a particle of proof that he ever authorized or consented that it should be used by Bulch & Mehrmann or their workmen, or that he ever knew that it was so used, or that any express or implied authority or license was ever given by Ferguson to Mauer to use it. So far as can be elicited from the testimony, Mauer had acquired from Ferguson no more right to use it than a stranger passing along the street had to climb upon it. Plaintiff's own witnesses, the fellow-workmen of Michael Mauer, and employes of Bulch & Mehrmann, testify that they knew that their employers had nothing to do with this small scaffold, and that Ferguson built it for his own use in placing the cornice over the office window, and that Ferguson had a separate contract to do a portion of the work distinct from that of Bulch & Mehrmann. In *McAlpin* v. *Powell*, 70 N. Y. 126, at page 130, Judge MILLER forcibly states: "To maintain an action for personal injuries occasioned by the negligence or the want of care of another, it must be made to appear that the defendant owed some duty or obligation to the party injured which he failed to discharge or perform. Unless there is some contract, duty, or service which a party is bound to fulfill, there can be no negligence, fault, or breach of the obligation. The reported cases, where parties are charged for injuries to another occasioned by accident, have been decided upon the principle that there was negligence in doing or omitting to do some act by which a duty or obligation which the law imposed has been disregarded. The real point to be determined, then, is whether the defendant owed any duty to the deceased."

Let us now test the claim of plaintiff against defendant Ferguson by this sound statement of the law. There was no privity of contract between Ferguson and Mauer, who was not his employe. Mauer was not upon the scaffold by Ferguson's invitation or upon his business. He had no reason for being there at all with which Ferguson was connected or concerned. The defendant Ferguson did nothing to cause the death of Mauer, but it was brought about by his own unauthorized invasion of or interference with Ferguson's rights in getting upon Ferguson's scaffold. The deceased had not even a license or permission, express or implied, from Ferguson to go upon this scaffold. Ferguson was a stranger in this occurrence to Mauer, and to his employers, Bulch & Mehrmann, as much so as if Mauer had been a passer-by, and had climbed upon this scaffold. *Cusick* v. *Adams*, 115 N. Y. 55, 21 N. E. Rep. 673; *Swan* v. *Jackson*, (Sup.) 7 N. Y. Supp. 821; *Loop* v. *Litchfield*, 42 N. Y. 358, see page 361. The extension, under certain circumstances, of the duty to be careful in workmanship, which the constructor of a scaffold owes to him for whom he has contracted to build it, to those authorized or employed by the owner to use it, though there is no privity of contract between them and the constructor, will not help the plaintiff herein; for the defendant Ferguson, who was both constructor and owner of this scaffold, did not authorize or employ the decedent, Mauer, to work thereupon. *Devlin* v. *Smith*, 89 N. Y. 470; *Coughtry* v. *Woolen Co.*, 56 N. Y. 124. Then, again, this scaffold can scarcely be deemed a structure "imminently dangerous to human life," within the meaning of those authorities. *Loop*

*v. Litchfield,* 42 N. Y. 358; *Swan* v. *Jackson,* (Sup.) 7 N. Y. Supp. 821. We think the dismissal of the complaint as to Ferguson was proper. This brings us to the consideration of the appeal from the judgment in favor of the defendants Bulch & Mehrmann, and order denying motion for new trial. They did not construct or own this scaffold, or acquire from Ferguson the right to use it. Under these circumstances, without objection on the part of plaintiff, the case was submitted to the jury on the theory that the defendants Bulch & Mehrmann were not liable to plaintiff if they did not adopt the platform as their own for the use of their workmen. The jury decided this question against the plaintiff, and we see no reason to disturb their decision, and do not think it entirely clear that there was sufficient evidence to carry this question to the jury.

This disposes of all the exceptions called to our attention by the appellant, save that taken to the exclusion of the following question put to the witness Bodemann: "*Question.* Was that scaffold put up right, do you think?" This was one of the principal questions to be determined by the jury. This witness was allowed to and did testify that he did not know what made it fall; that the brackets were good; that he did not know how many nails were in them, and did not look to see. Why should he be allowed, under these circumstances, to say that it was not put up right? The only defect attempted to be shown was that there were not enough nails of the right size in the bracket, and he says he did not look to see the nails, and did not know how many were in it. If counsel desired the expression of opinion of this witness upon his asserted defects in this scaffold, he should have framed an hypothetical question on the assumption of such defects. The witness says he was ignorant of the existence of any such defects. Both judgments and the order must be affirmed, with costs.