## SWEENEY v. ROZELL.

### (Supreme Court, Appellate Term. May 17, 1900.)

1. NEGLIGENCE—DEFECTIVE APPLIANCES.

   One who furnishes appliances for the use of another, knowing that they will be used for a certain purpose by the servants of the other, must use the same degree of care in providing safe appliances that he ought to use if they were furnished for the use of his own servants, and, if he fails in this duty, he is liable for injuries resulting therefrom.

2. SAME—INJURIES TO SERVANTS OF ANOTHER—QUESTION FOR JURY.

   Defendant furnished appliances for hoisting goods which he had sold. Plaintiff, a servant of the purchaser, was injured in consequence of a rope breaking while the appliances were used for the purpose intended. The evidence showed that the rope was defective, but there was no evidence that the defendant knew, or ought to have known, of the defect, or that he failed to use reasonable care to discover it. *Held*, that the evidence was insufficient to justify the submission of the case to the jury.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Bernard Sweeney against James Rozell. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Jeroloman & Arrowsmith, for appellant.

Edward Devoe, for respondent.

PER CURIAM. The plaintiff was in the employ of one Gibson, the proprietor of a sales stable. The defendant sold to Gibson a truck load of hay in bales. It was his custom to send with each truck ropes and pulleys for the use of the purchaser if he desired to make use of them in stowing the hay in the loft of his stable. Such appliances were sent with the load of hay sold to Gibson, and were used for the purpose intended. The hay was rolled into the stable under an opening which led up to the loft. In the upper beam or ridge pole of the stable was a screw bolt, to which was attached a pulley through which ran a rope, at one end of which was a hook. There was also a shorter rope, a few feet in length, at each end of which was a hook. These last-named hooks were caught into the bale of hay, and the short rope was then attached to the hook at one end of the longer rope, running through the pulley at the roof. The plaintiff and two other men, all employés of Gibson, but not of the defendant, hoisted the bale of hay up to the loft by pulling on the other end of the rope running through the pulley. After two or three bales had been thus hoisted in safety, one of the bales fell in consequence of the breaking of the smaller rope, and plaintiff received the injuries for which he sues. His allegation is that this rope was frayed and unfit for the purpose for which it was used, and that the defendant was guilty of negligence in furnishing an unsafe appliance for this use. The defendant duly moved, at the close of the plaintiff's case, and again at the close of the whole case, for a dismissal of the complaint, upon the ground that no cause of action had been established, and duly excepted in each instance to the denial of his motion.

The plaintiff was not the servant of the defendant, and there was no contractual relation between them. The evidence clearly shows, however, that the defendant furnished the hoisting, appliances for use in stowing away the hay; that he intended and expected them to be used for that purpose; and that he knew, or, at least, had reason to expect, that they would be so used by Gibson's employés. It was therefore his duty to use the same degree of care in providing safe and proper appliances for the purpose intended as it would have been his duty to use if he had been providing the appliances for the use of his own servants, and if he failed in this duty a cause of action arose in behalf of the plaintiff. Devlin v. Smith, 89 N. Y. 470; Davies v. Elevating Co., 65 Hun, 573, 20 N. Y. Supp. 523. The duty thus assumed by the defendant was not, however, that of an insurer of the safety of every person using the hoisting appliances. He did not undertake absolutely for the safety and sufficiency of the implements which he furnished, but only for the exercise of reasonable care in that respect, and, in order to render him liable for the results of the accident, it is not sufficient to show that the rope which broke was frayed and imperfect, but it must also appear that the defendant knew, or should have known, of its defective condition, or that he had omitted to use reasonable care to discover its condition; for his personal negligence is the very gist of the action. Devlin v. Smith, supra. There was a total absence of any such evidence. No attempt was made to show that the defendant had any actual knowledge of any imperfection in the rope. The defendant himself testified, and he was not contradicted, that he was pretty particular with his tackle, and looked at it every once in a while, and, if it was the least bit ravelly, had it attended to, and that the rope was of the size and kind generally used for the purpose. The truckman testified that the defendant's orders from the first day of the witness' employment were to keep good things, and that he had plenty of rope to do it with in the store. In the whole record there is no evidence of actual negligence, or of a lack of proper care, on the part of the defendant. The mere fact that the rope broke is no evidence of such negligence, and what evidence there was of its bad condition was such as to indicate that its defects were perfectly apparent to those who had to handle it. The plaintiff had every opportunity to observe the condition of the rope, and if, as alleged, it was obviously raveled and unsafe for use, he should have refused to use it, or, at least, protested against its use. He did neither, and so assumed any risk that might result. Burke v. Witherbee, 98 N. Y. 562; Crown v. Orr, 140 N. Y. 450, 35 N. E. 648. There was no evidence to justify the submission of the case to the jury, and the motion for a nonsuit should have been granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.