### PRIOLO v. SOUTHARD et al.

(Supreme Court, Trial Term, New York County. April 1, 1907.)

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—DEFECTIVE SCAFFOLDING—EVIDENCE.

A contractor for the wrecking of a building sublet the work to a subcontractor, who sold the materials to a third person, who undertook to remove them. An employé of the third person was injured by the fall of a plank erected by the subcontractor so as to connect with a platform of a machine. The plank had been fastened with spikes, and the subcontractor's control over it had ceased six days before the accident, at which time the third person assumed control. *Held* insufficient to justify a finding of negligence on the part of the subcontractor, within Labor Law (Laws 1897, p. 467, c. 415, §§ 18, 19) making an employer liable for failing to furnish proper scaffolding for employés on which to perform the work required, etc.

Action by Guiseppe Priolo against Charles H. Southard and others. Motion to dismiss complaint denied, and motion to set aside the verdict against one of the defendants and for a new trial granted.

`Hindes & Orlando, for plaintiff.

Herbert C. Smyth, for defendant Charles H. Southard.

Frank V. Johnson, for defendant wrecking company.

G. M. Hurlbut, for defendant Mooney.

FORD, J. This action was brought to recover damages for personal injuries caused by the alleged negligence of the defendant. The defendant Southard took a contract for the wrecking of a building, sublet the work of wrecking to the defendant C. H. Southard Wrecking & Trucking Company, and sold the brick to the defendant Mooney, who undertook to remove them. For the purpose of lowering the brick taken from the walls to the street level, the wrecking company constructed an appliance called a "wheelbarrow machine." While the plaintiff, who claimed to be an employé of defendant Mooney, was wheeling a loaded barrow on a plank connected with the platform of the barrow machine, the plank tipped, causing him to fall through an open shaft, inflicting the injuries for which he seeks to recover in this action. The complaint was dismissed as to Southard, who had nothing to do with the construction of the "barrow machine" or the placing of the plank, and as to Mooney upon the principle asserted in Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311, and Coughtry v. Globe Woolen Co., 56 N. Y. 124, 15 Am. Rep. 387. The question as to the liability of the wrecking company was submitted to the jury, who found a verdict in favor of the plaintiff.

This verdict cannot be sustained. The plaintiff predicates his right to recover upon defects in original construction. Such defective construction cannot be inferred from the fact that the plank, which was 3 inches thick, was found, when it fell, to have been fastened with four 4¾-inch spikes. No inference of negligence can be drawn from this fact against the defendant wrecking company, whose control over the plank ceased at least six days before the accident, at which time Mooney assumed control of it. The plaintiff's evidence was uncertain and contradictory, and an inspection of the spikes with which it was claimed the plank was originally fastened indicated very strongly that they were not used for that purpose. The facts proved did not bring the case within the operation of section 18 or 19 of the labor law (Laws 1897, p. 467, c. 415), and were insufficient to justify the inference that the negligence of the defendant wrecking company caused the accident. The verdict was also clearly against the weight of evidence.

The motion to dismiss the complaint is denied, but the motion to set aside the verdict and for a new trial must be granted.