PATRICK WALSH, Respondent, v. EMMA ANDERSON, as Executrix, etc., of JOHN ANDERSON, Deceased, Formerly Doing Business as THE ANCON COMPANY, Appellant.— Action to recover damages for personal injuries sustained by the plaintiff, respondent, through the alleged negligence of the defendant's testator while the plaintiff was seated in a truck which was being loaded through the instrumentality of an excavating machine owned and operated by the said testator. A link in the chain by means of which the machine was operated broke while the loaded bucket was over the truck, causing the bucket to fall upon the truck's load, injuring plaintiff. The issues were submitted to the jury, which returned a verdict in plaintiff's favor, upon which verdict judgment was entered. From that judgment defendant appeals. Judgment reversed on the law, with costs, and complaint

dismissed, with costs. Plaintiff failed to prove facts sufficient to establish a cause of action. He failed to prove any specification of alleged negligence. The verdict and judgment rest only upon speculation, conjecture and theory. (*Welsh* v. *Cornell*, 168 N. Y. 508, 510–512; *Carlson* v. *P. B. Co.*, 132 id. 273, 280.) As matter of law (a) the testator was not negligent in using a chain instead of a cable (*Harley* v. *B. C. M. Co.*, 142 N. Y. 31; *Davies* v. *Pelham Hod Elevating Co.*, 65 Hun, 573; 76 id. 289; *Cleary* v. *Dietz Co.*, 222 N. Y. 126, 133); (b) the evidence is wholly insufficient to support plaintiff's specification of testator's negligence that abrasive matter caused the break in the chain; (c) there is no evidence to support the specification that the machine was operated blindly so that the chain snapped, causing it to disintegrate; (d) the evidence likewise fails to support the specification of negligence based on alleged improper inspection (*Smith* v. *N. Y. C. & H. R. R. R. Co.*, 164 N. Y. 491; *Young* v. *Mason Stable Co.*, 193 id. 188); and (e) there was no proof of notice to the testator, not the manufacturer of the chain, of any defect therein. (*Devlin* v. *Smith*, 89 N. Y. 470; *Sweeney* v. *Rozell*, 31 Misc. 640.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.