(51 Misc. Rep. 292.)

### FINAN v. VALVOLINE OIL CO. et al.

(Supreme Court, Special Term, Orange County.   July, 1906.)

NEGLIGENCE—PLEADING—PETITION.

> Plaintiff, employé of defendant railroad company, sued to recover for injuries received from defects in an oil tank car while the car was in possession of defendant railroad company. The complaint did not show that the defects existed when the owner of the car, also a defendant, delivered the same to the railroad. *Held*, that the complaint did not state a cause of action against the owner of the car.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 176.]

Action by Thomas J. Finan against the Valvoline Oil Company and the Erie Railroad Company.   Judgment for defendant Valvoline Oil Company, on demurrer.

Vanamee & Watts, for plaintiff.

Putney & Twombly, for defendants.

BURR, J.   The plaintiff was in the employ of the defendant railroad company.   While in its employ he was injured by reason of defects in an oil tank car, which were due to want of repair.   This car was the property of the defendant the Valvoline Oil Company.   At the time of the accident it was in the possession and control of the railroad company.   I think this is the only possible inference to be drawn from the allegation of the complaint that the railroad company in permitting plaintiff to work upon said car failed to furnish him with a safe place for the performance of his duties to them.   There is no allegation in the complaint that the defects in the car which produced the injury existed at the time the possession and control of the car was delivered to the railroad company, nor is there anything from which an inference that such was the case might fairly be drawn.   The allegation in the alternative that the Valvoline Company knew or might have known of such defects by the exercise of reasonable care and adequate inspection does not necessarily imply a defective condition

at the time of delivery. It might have arisen afterwards. Upon this state of facts, I do not think the liability of the Valvoline Oil Company is made out, and its demurrer is well taken.

In the absence of any privity between a person injured on a defective machine or appliance and the owner thereof, the latter is not liable to the former, unless such machine or appliance is one which, in its character, is imminently dangerous to life and limb. Winterbottom v. Wright, 10 M. & W. 109; Thomas v. Winchester, 6 N. Y. 397, 410, 57 Am. Dec. 455; Loop v. Litchfield, 42 N. Y. 351, 1 Am. Rep. 513. An oil tank car, when it is in good order and not out of repair, is not such a machine. Caledonia R. R. Co. v. Mulholland, L. R. (App. Cas. 1898) 216; Wright v. D. & H. Canal Co., 40 Hun, 343; King v. N. Y. C. & H. R. R. Co., 66 N. Y. 181, 23 Am. Rep. 37. There is a distinction as to the liability to third persons on the part of the owner or manufacturer of a machine or appliance proved to be dangerous, dependent upon whether the dangerous condition arose from defective construction or the want of repair. In the former case there may be a liability, in the latter there is none, at least, if the want of repair did not exist at the time that the owner parted with the possession of the machine or appliance. Kahner v. Otis Elevator Co., 96 App. Div. 169, 89 N. Y. Supp. 185. In that case the defendant had contracted to repair an elevator and put it in a safe condition, but neglected to make the necessary repairs to a defective brake wheel, and turned the elevator over to the possession and control of the owner as a complete and perfect machine. In consequence of defendant's negligence in this respect, plaintiff, who was an employé of the owner of such elevator and lawfully and properly using the same, was injured. It was held that the defendant was liable. In that case the court said that, although an elevator, properly installed, may not be a machine imminently dangerous to life and limb, when improperly installed it may be, and the liability of the elevator company in that case is put upon the ground that the failure of the company to properly repair the elevator, before restoring the possession and control of it to the owner, is equivalent to a defect in the original construction thereof.

The Appellate Division of the Fourth Department have held that even an act of negligence in construction would impose no liability upon the manufacturer of machines and appliances as to third persons. Kuelling v. Roderick Lean Mfg. Co., 88 App. Div. 309, 84 N. Y. Supp. 622. It is not necessary in this case to adopt this view. I have found no case which held that, where the machine or appliance was in good order when delivered by the owner to another for his use and subsequently became defective through want of repair, such owner became liable to a third person by reason of injury resulting therefrom, even though such third person was an employé of the person in the possession of the machine.

It would seem a harsh rule, if the appliance became dangerous through neglect or improper use of a person in whose possession it was, that the owner of such an appliance should be liable to third persons for the neglect for which he was not responsible and which he

could not remedy, so long as the possession and control continued in the person to whom it had been delivered. If a shipper of oil had placed the commodity in a metal receptacle and delivered it to a railroad company for transportation, and, at the time of such delivery, the receptacle was in good order and free from defects, and while in the possession of the railroad company it became dangerous, because necessary repairs were neglected, and in consequence thereof an employé of the railroad company was injured, it would hardly be claimed that the shipper was liable for such injuries. The fact that in this case this metal receptacle was placed on wheels for convenience of transportation would not impose a different rule of liability.

There must be judgment for the defendant Valvoline Company, on the demurrer, with leave to the plaintiff to amend on payment of costs.

Judgment for defendant Valvoline Company on demurrer, with leave to plaintiff to amend on payment of costs.