earliest practicable moment after discovery of the cheat. That is the time to make his election, and it must be done promptly and unreservedly. He must not hesitate, nor can he be allowed to deal with the subject-matter of a contract and afterwards rescind it. The election is with him. He may affirm or disaffirm the contract; but he cannot do both, and if he concludes to abide by it, as upon the whole advantageous, he shall not afterwards be permitted to question its validity." Masson v. Bovet, 1 Denio, 69, 43 Am. Dec. 651.

Even if it be deemed that more latitude should have been allowed for the defendant's bootless essay to make out his allegation of fraud, the ultimate success of the defense being more than remote, sending it back for a new trial will let the defendant make a forced loan from the plaintiff at statutory interest, increased by costs, which may be considered a premium on the chance of escaping performance upon the new trial by death, loss of the lease, or other incident.

The judgments should be affirmed.

STATLER v. GEORGE A. RAY MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. NEGLIGENCE—VERDICT—FINDINGS.

Where, in an action for injuries by the explosion of a boiler, the jury were instructed that plaintiff could not recover if the accident was the result of the defective operation of the boiler, as defendant claimed, and did not result from defective construction, as plaintiff claimed, a verdict in plaintiff's favor should be construed as finding that the defective construction was the cause of the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 403.]

2. APPEAL—INSTRUCTION—WAIVER OF OBJECTIONS.

Where defendant did not except to the court's instructions in so far as they stated the facts necessary to be found in order to entitle plaintiff to recover, defendant would be deemed on appeal to have assented to the correctness of the charge in that respect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1516–1532.]

3. NEGLIGENCE—DANGEROUS APPLIANCES—STEAM BOILERS—LIABILITY OF MANUFACTURER.

Where defendant manufactured and sold a steam boiler for use in a public building, and the boiler thereafter exploded by reason of defendant's negligent construction, and plaintiff was injured, plaintiff, though sustaining no contractual relation to defendant manufacturer, was entitled to recover against it for such injuries, though there was no claim of fraud or deceit in the sale of the boiler.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 25.]

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Elsworth M. Statler against the George A. Ray Manufacturing Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial on the minutes, it appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Tabor & Wilkie, for appellant.
Love & Keating, for respondent.

WILLIAMS, J.   The judgment and order should be affirmed, with costs.   The action was brought to recover damages for personal injuries, alleged to have resulted from negligence.   A boiler exploded, scalding and burning the plaintiff.   The defendant constructed the boiler, and it is sought to make it liable for defects therein which caused the accident.   The defendant denied that the explosion was the result of defective construction, and claimed it was defective operation of the boiler that caused it to explode.   It also claimed it was not liable for any defective construction, under the rule laid down in Kuelling v. Manufacturing Co., 88 App. Div. 309, 84 N. Y. Supp. 622, reported as to Court of Appeals in 183 N. Y. 78, 75 N. E. 1098, 2 L. R. A. (N. S.) 303, 111 Am. St. Rep. 691. The case was submitted to the jury, and a verdict was rendered for the plaintiff for $6,500.   The jury were instructed by the court that the plaintiff could not recover if the accident was the result of a defective operation of the boiler; but it must have resulted from its defective construction.   The finding must have been, therefore, that defective construction was the cause of the accident.

The case was further submitted to the jury upon the assumption that there was no contractual relation between the plaintiff or his company, which was using the boiler, and the defendant; that it was constructed by the defendant, and by it sold to Russell & Watson, and by them to the plaintiff's company; that it was constructed and furnished for the purpose of being installed and used by the plaintiff's company in the Inside Inn at St. Louis, the plaintiff being the president and general manager of his company, and the right to recover, if any existed, was by the court made to depend upon a finding by the jury that the defendant omitted ordinary care and prudence in placing the bottom in the boiler, and neglected to properly solder it, and by reason of that defect the boiler became an instrument imminently dangerous to life or limb, and that the boiler was in this condition when it left defendant's manufactory, and was known by the defendant, or could have been discovered by the exercise of ordinary diligence in making an inspection, to be in such condition; and that the defendant knew and intended the boiler to be used in the manner it was being used at the time the accident occurred, and such defective condition was unknown to the purchasers or to the plaintiff's company, the defects being so concealed that it could not be readily discovered by the exercise of ordinary prudence or reasonable diligence, and the accident resulted from such defect.   In one part or another of the charge all these elements were embodied in a statement of what facts must concur to authorize a verdict for the plaintiff, so far as defendant's negligence was concerned.   If all these elements were found, the jury might render a verdict for plaintiff; otherwise not.   I do not find any exception to these statements as embodying correctly the facts entitling the plaintiff to recover so far as defendant's negligence was concerned.   The defendant must therefore be deemed

to have assented to the correctness of the charge in this respect, and any error therein cannot be alleged as a reason for reversal of the judgment and order.

There were, however, motions for a nonsuit at the close of plaintiff's evidence, and at the close of the whole evidence, on the ground, among others, that no negligence was shown on the part of the defendant, and exceptions were taken to the denial of those motions. There was also a motion for a new trial upon the minutes, upon all the grounds stated in section 999 of the Code of Civil Procedure, which was denied, and from which order an appeal has been taken. These exceptions and appeal from the order very likely raise the question of law whether the plaintiff was entitled to recover by reason of any negligence of the defendant, proven in this case, especially in view of the law laid down in Kuelling v. Manufacturing Co., above. For the purposes of this question we must assume, I think, that upon sufficient evidence the jury found the facts embodied in the statement by the court to the jury already quoted, and these facts must be regarded as the basis upon which the question of law is to be determined.

The case above referred to is known as the "farm roller case." The defect there was in the tongue, and the facts as to the construction were alleged as follows: It was made of cross-grained block of red oak, which was unfit for that purpose. It had a knot in it, and in addition a large knot hole just in front of the point at which the evener and whiffletrees were attached. The defendant concealed this knot hole with a plug of soft wood nailed in, and then the knot, the plug, the hole, the cross-grain of the wood, and the kind of wood used were covered up and concealed by the defendant with putty and paint, so that the defects could not be seen by inspection. The tongue was placed in the roller so that the knot and plug were on the underside. The roller was by reason of these defects dangerous to the life and limbs of any person who should use it, and the defects made the tongue so weak that it broke at the time of the accident, and was the cause thereof. The complaint charged this construction and sale was intentional, willful, malicious, negligent, and fraudulent. That case was tried at first as an action for negligence purely, and a verdict rendered for plaintiff. The Appellate Division reversed, and ordered a new trial. Upon a second trial a nonsuit was granted. The Appellate Division affirmed, and then the Court of Appeals reversed, and ordered a new trial again. An opinion was written when the case was first in the Appellate Division, and two opinions were written in the Court of Appeals. There seems to be some disagreement, in view of these three opinions, as to how the law was left. Six judges sat in the case in the Court of Appeals. Bartlett, J., and Vann, J., both wrote for reversal. The report states that three other judges concurred, and one other concurred with Bartlett, J., only. I assume that three judges concur in both opinions. I do not see, however, that it is very material. Both opinions agree that the case was not one for negligence, but for intentional, wrongful, and

fraudulent concealment of the defects in the tongue of the roller, and as such was maintainable. Whether an action for negligence could be maintained on the facts was not discussed or decided. Bartlett, J., in his opinion, expressly stated that no opinion was expressed as to the liability for negligence, in the absence of fraud or deceit. Coming back to the Appellate Division, where the case was considered by us as one of negligence merely, in the absence of fraud or deceit, we held that it could not be maintained. After an exhaustive examination and discussion of the authorities, Presiding Justice McLennan, writing the opinion, says:

"There ought to be no misunderstanding as to the precise question involved. The cases cited all hold that a recovery by a third party may be had when the latent defect relates to an article, implement, or product which, in and of itself, is imminently dangerous to human life. As was said in Loop v. Litchfield, 42 N. Y. 351, 1 Am. Rep. 513, poison, gunpowder, a torpedo, spring gun, loaded rifle, etc., are articles which in their nature are calculated to do injury to mankind; but as we interpret those decisions they do not hold that such rule applies to implements which in and of themselves are absolutely harmless, but are rendered thus dangerous only by reason of a latent defect. * * * We think the Court of Appeals has uniformly sought to maintain the distinction, and to hold that in cases where the article manufactured is, in and of itself, independent of the defect, imminently dangerous to human life, a recovery may be had against the contractor or manufacturer, by any person injured by reason of concealed defects in such article, without reference to whether or not privity of contract exists; but that, on the other hand, where the article is not, in and of itself, imminently dangerous, and where the entire danger results because of some latent defect, the manufacturer is not liable to third persons for injuries sustained by reason of such defect."

As to this exposition of the law, relating to a negligence case purely, we were not reversed by the Court of Appeals. That court held that the action was not one of negligence, but for an intentional, wrongful, and fraudulent concealment of the defect complained of, and for such a wrong the manufacturer was liable to a third party, as to whom no contractual relation with the manufacturer existed. In the present case, while the complaint alleged that the defendant, knowing the boiler was defective, unlawfully, wrongfully, and wickedly, as well as negligently, installed it where the accident occurred, and the defect was latent and concealed, yet on the trial counsel expressly disclaimed that there was any fraud or deceit, and that was eliminated from the case. As tried, therefore, the case was one for negligence merely, and the right to recover was claimed to rest, not upon any contractual relations between the parties, but upon the negligence of the defendant in failing to perform a duty which it owed to the public, irrespective of any contract, under a line of cases commencing with Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311, and followed by Davies v. Elevator Co., 65 Hun, 573, 20 N. Y. Supp. 523, affirmed Court of Appeals 146 N. Y. 363, 41 N. E. 88, Kahner v. Elevator Co., 96 App. Div. 174, 89 N. Y. Supp. 185, affirmed Court of Appeals 183 N. Y. 512, 76 N. E. 1097, Barrett v. L. O. Imp. Co., 68 App. Div. 601, 74 N. Y. Supp. 301, reversed Court of Appeals 174 N. Y. 310, 66 N. E. 968, 61 L. R. A. 829, Connors v. Elevator Co., 90 App. Div. 311, 85 N. Y. Supp. 644, affirmed Court of Appeals 180 N. Y.

509, 72 N. E. 1140, and others. The Barrett and Connors Cases, above, passed through our court in this Department. Devlin v. Smith, above, was cited and distinguished in the opinion of this court in Kuelling v. Manufacturing Co., above. A well-defined distinction exists between the cases in the above list and Kuelling v. Manufacturing Co., above. The roller would be liable to injure but a single person, while the scaffolds and elevators and toboggan slide were erections for the use of the public, or of many persons, and were liable to injure many people.

It is said this case has the distinguishing feature in this respect of the cases in the above list. The boiler was to be, and was, installed in a public place, where many people would be present, and liable to be injured by an explosion resulting from the defects. One person was killed and several injured by the accident in question. More than this, a steam boiler comes very near belonging to the list of articles spoken of as imminently dangerous in and of themselves, viz., poison, gunpowder, a torpedo, spring gun, loaded rifle, etc. It seems to me the case of Kuelling v. Manufacturing Co. is not decisive of the present case, and that a recovery here was properly allowed upon the theory this case was submitted to the jury. The defectively constructed boiler was an article imminently dangerous to human life. The natural and necessary effect of the manufacturer's negligence would be, as it was, a misfortune to many persons not parties to the contract. The negligence was imminently dangerous to human life. The duty of defendant was not one owed to the purchasers alone, but to the public at large, in whose presence it was to be, and was, installed and used. In Connors v. Elevator Co., Justice Spring, in writing the opinion, said:

"When the defendant turned over the steam shovel and its appliances to the Lake Carriers' Association to be used in unloading grains, it knew that the grain was to be taken out by a large number of scoopers. It impliedly invited these men to go into the hold of the freighter, with the assurance that it had furnished appliances which rendered the performance of the work reasonably safe, so far as such tackle was concerned. Its obligation to the men who did the work was to furnish fitting appliances. They had a right to assume that this had been done. The defendant, to be sure, made its agreement with the Lake Carriers' Association, and there was no privity of contract between the elevator company, defendant, and the plaintiff's intestate, in that he was not in its employ. The liability of the defendant is not contractual in its character. Barrett v. L. O. Imp. Co., above. It undertook to furnish appliances for a particular work, the negligent performance of which duty it knew imperiled the lives of many men. Having for an adequate compensation undertaken to furnish this tackle with full knowledge of its use, it assumed a responsibility to those who were injured while it was being operated precisely as intended."

I think these motions for nonsuit were properly denied. I have thus disposed of the main question in this case, and there remains to be considered only the exceptions taken on the trial. There are many of these. I have examined them with care. Some of them are, perhaps, well taken. In the course of so lengthy a trial there would naturally be some mistakes made; but I think there are none of sufficient importance to affect defendant's rights, or to call for a reversal of the judgment or order.

The motion for a new trial was therefore properly denied, and the judgment and order should be affirmed. All concur, except McLENNAN, P. J., and KRUSE, J., who dissent.

KRUSE, J. (dissenting). I agree with Mr. Justice WILLIAMS that the Court of Appeals, in the case of Kuelling v. Roderick Lean Manufacturing Company, 183 N. Y. 78, 75 N. E. 1098, 2 L. R. A. (N. S.) 303, 11 Am. St. Rep. 691, did not, in its reversal of that case, declare the law of liability for negligence of a manufacturer of an article to be otherwise than as expounded and declared in the opinion written by the Presiding Justice when the case was in this court (88 App. Div. 309, 84 N. Y. Supp. 622), and quoted by Mr. Justice WILLIAMS in his opinion. I also agree that the ground of liability in the Kuelling Case, as finally determined by the Court of Appeals, was predicated upon an intentional, wrongful, and fraudulent concealment by the manufacturer of the defect in the article manufactured and placed on the market, and bought and used by the injured person; but it seems to me equally clear that under the rule of that case the judgment in this case must be reversed. This is not a case of deceit, or of fraudulent concealment of a latent defect. No such question was submitted to the jury. Counsel for the plaintiff explicitly stated on the trial that he did not make any claim of fraud and deceit, that he did not think they could establish that, and the case was submitted to the jury on the ground of negligence. A careful reading of the opinions of the Court of Appeals in the Kuelling Case leads me to conclude that it was regarded as essential to sustain a recovery under such circumstances that the injury must have resulted from the defendant's willful and fraudulent deceit and concealment.

I therefore vote for reversal.