(165 App. Div. 620)

### WILLEY v. MYNDERSE.

(Supreme Court, Appellate Division, Third Department. January 15, 1915.)

1. NEGLIGENCE (§ 134*)—PRIMA FACIE NEGLIGENCE—BURSTING OF BOTTLE.

   The bursting of a weak and defective bottle containing table water highly charged with gas and exerting a pressure of 60 pounds to the square inch was prima facie evidence of the manufacturer's negligence.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

2. NEGLIGENCE (§ 136*)—BURSTING OF BOTTLE—QUESTION FOR JURY.

   Where the manufacturer of bottled table water puts into it a highly charged gas exerting a pressure of 60 pounds to the square inch, it is for the jury to say whether he is bound to make suitable tests of the strength of the bottles.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

   Howard and Woodward, JJ., dissenting.

Appeal from Trial Term, Schenectady County.

Action by Jacob Willey, Jr., against Andrew Mynderse. From a judgment for costs in favor of defendant upon a directed nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Leary & Fullerton, of Saratoga Springs (Walter A. Fullerton, of Saratoga Springs, of counsel), for appellant.

R. J. Cooper, of Schenectady, for respondent.

SMITH, P. J. In this case the plaintiff was a bartender. While at work at his business a bottle of Silver Spray table water, which was kept behind the bar, exploded, a piece of glass flew and hit him in the eye, and it became necessary to remove the eye. He here sues the manufacturer and bottler. The complaint alleges that the defendant was negligent in failing to properly inspect the bottle which broke; that the water was highly charged with gas, so that it exerted a pressure of 60 pounds to the square inch; that there were flaws in the bottle; and that it was weak and defective. There was evidence tending to show that the bottle was not new, but second-hand, and was purchased from a junk dealer. There was evidence that the bottle was lopsided, rough, thick in one place and thin in another, had iron slag in it and blisters on it. The plaintiff was nonsuited at the trial.

[1, 2] The bursting of the bottle was prima facie evidence of negligence. It is for the jury to say, where the manufacturer puts into a bottle a highly charged gas, so that it exerts a pressure of 60 pounds to the square inch, whether he is not bound to make suitable tests of the strength of the bottle. Respondent relies upon the case of Bruckel v. Milhau's Son, 116 App. Div. 832, 102 N. Y. Supp. 395. But that was a case against the vendor, and not against the manufacturer. The case at bar is against the manufacturer.

The judgment should be reversed, and a new trial granted with costs to appellant to abide event. All concur, except HOWARD and WOODWARD, JJ., who dissent.