JANE QUACKENBUSH, Respondent, v. FORD MOTOR COMPANY, Appellant.

Third Department, May 5, 1915.

Motor vehicles — liability of manufacturer for injury to machine caused by defective material or negligence in assembling — pleading — complaint.

A manufacturer of an automobile containing defective material or negligently assembled, is liable for injury growing out of such negligence whether such injury be to the person or the property of the purchaser, although the car was purchased through an agent of the manufacturer to whom it had been sold.

A complaint which alleges the purchase from the defendant manufacturer by the plaintiff's assignor of an automobile, and the subsequent injury thereof by reason of the alleged negligence of the defendant in failing to equip such automobile with proper brakes, and in negligently assembling it, with the result that it could not be controlled and ran over an embankment, states a cause of action.

APPEAL by the defendant, Ford Motor Company, from an order of the Supreme Court, made at the Montgomery Specia Term and entered in the office of the clerk of the county of Fulton on the 26th day of October, 1914, as resettled by an order

entered on the 9th day of November, 1914, denying the defendant's motion for judgment on the pleadings and overruling its demurrer to the complaint.

*Henry W. Thorne,* for the appellant.

*David H. Demarest,* for the respondent.

WOODWARD, J.:

The complaint in this action alleges, we believe, the purchase from the defendant by the plaintiff's assignor of a model T touring car, and the subsequent injury of such car to the extent of $250, by reason of the alleged negligence of the defendant in failing to equip such car with proper brakes, and in negligently assembling such car, with the result that it could not be controlled and it ran over an embankment, with the result stated. The defendant demurred to the complaint and moved for judgment on the pleadings. The demurrer has been overruled and the motion for judgment on the pleadings denied, and the defendant appeals to this court.

There is only one question involved, and that is whether the complaint states a cause of action; whether the defendant, under the facts alleged, owes the plaintiff for the damages sustained by the car in running over the embankment. The respondent puts the proposition, "is the manufacturer of an automobile liable for injuries received by the purchaser thereof owing to the fact that a brake-band, constructed of inferior material, gave out or collapsed under ordinary use, also owing to the fact that said car was improperly assembled by said manufacturer, although the vehicle was not purchased directly from the manufacturer, but from an agent to whom it was sold?" The learned court at Special Term has in effect answered this question in the affirmative, and the defendant urges that this is erroneous, and asks for a reversal of the order and the granting of the motion for judgment. The case, notwithstanding the allegation in effect that the plaintiff's assignor purchased the car of the defendant through its agent, is presented here upon the theory that the purchase was made from the defendant's agent, who had purchased the same from the defendant, so that there was no contractual relation

between Mr. Demarest, the original purchaser, and the defendant. In other words, there is no contention here that there was any breach of the implied warranty that the car was reasonably adapted to the use for which it was purchased; but it is urged that the defendant, in putting upon the market an inherently dangerous instrument or machine, owed to Mr. Demarest and the public generally the duty of exercising reasonable care and diligence to make the machine safe for the use of the purchaser or user. The appellant states, " The actual question for determination " to be, " Does the manufacturer of a machine not inherently dangerous to human life or limb, but which, being defectively constructed and sold in the open market by the manufacturer thereof, causes injuries *solely to such machine,* produced wholly by reason of such defective construction, constitute negligence on the part of such manufacturer ? If so, is such manufacturer liable *on the ground of such negligence* for injuries to such *machine itself ?* "

This question concedes the proposition that a manufacturer in sending out an inherently dangerous machine, one inimical to the life and limb of human beings, would be liable to one suffering personal injury from negligent construction of such machine, but seems to draw a distinction between the duties of the manufacturer in reference to injuries to the machine itself. We think there is no well-founded ground for such a distinction. A modern automobile, properly equipped with brakes, and assembled in harmony with the plans underlying the construction, is not inherently a dangerous machine. In the hands of a reasonably intelligent and careful operator, it involves no greater hazards to the public than a team of horses attached to a wagon. But this theoretically safe machine becomes inherently unsafe when it is improperly assembled, or when the brakes are constructed of materials which will not stand the necessary strain upon them; such an automobile, designed for use upon the highways (and this court may take judicial notice of the use to which such vehicles are commonly put), is a menace to the safety of the public, and it devolves the duty upon the manufacturer to use proper materials and to use due care in the assembling of such materials in the completed machine, and the character of the injuries resulting from defective materials

and construction has nothing to do with the question of the manufacturer's duty. The appellant does not question that if the plaintiff's assignor had been personally injured in this accident, he would have been entitled to succeed in this action, but because the injury resulted to Mr. Demarest's property it seems to be contended that a different rule is involved. In other words, we are asked to hold that the manufacturer's duty is made to depend not upon the question of the inherent danger of the enginery which he places in the public highways but upon the result of the accident which grows out of his faults in construction; the machine may go over embankments, because of defects in construction, but if the operator jumps out and is uninjured, the fault of the manufacturer may not be looked into in reference to the injuries which his property sustains. We think this is not the rule; that the manufacturer's duty depends not upon the results of the accident but upon the fact that his failure to properly construct the car resulted in the accident. In such cases the negligence is based upon the failure to perform a duty owed to all persons in whose presence the machine is to be used, not upon a duty to the purchasers only (*Statler* v. *Ray Mfg. Co.*, 125 App. Div. 69; approved, 195 N. Y. 478, 481, though reversed for errors), and the particular class of injury which may result has no bearing upon the question of liability. The manufacturer had no more right to send out a car with a brake which was not properly tested than he had to send out a car with a wheel which was not up to the standard, as in the case of *MacPherson* v. *Buick Motor Co.* (153 App. Div. 474; 160 id. 55). Having disregarded this duty to the public in general, including the purchaser, the manufacturer is liable for the injury growing out of such negligence, whether such injury be to the person or the property of the purchaser, although the vehicle was not purchased directly from the manufacturer but from an agent to whom it was sold. (*MacPherson* v. *Buick Motor Co., supra; Kahner* v. *Otis Elevator Co.*, 96 App. Div. 169; affd., 183 N. Y. 512; *Pennsylvania Steel Co.* v. *Elmore & Hamilton C. Co.*, 175 Fed. Rep. 176; *Wellington* v. *Downer Kerosene Oil Co.*, 104 Mass. 64.)

The suggestion that this doctrine enlarges the liability of

the manufacturer beyond what he assumes in warranting the machine is, in our opinion, without force. The contract of warranty simply provides for the quality of workmanship and materials; the plaintiff in the present case (or her predecessor in interest) would have been entitled to have the defective brake materials replaced with proper ones, we may assume, if she had merely discovered the defect, and no accident had resulted. That might have satisfied the implied warranty; but there was a relationship created by reason of the inherent danger to the public in sending out a defective machine without taking proper precautions to determine its safety, and the plaintiff is entitled to recover because of the damages sustained under this new relation, entirely independent of the contractual relation between the purchaser and seller. The two are not inconsistent rights; the one provides for securing what was contemplated in the transaction of purchase and sale, the other takes care of the damages sustained because of the failure of the manufacturer to perform a duty which he owed to the plaintiff's assignor in common with the public generally. (*MacPherson* v. *Buick Motor Co.*, *supra*, 478, and anthorities there cited. See, also, *Willey* v. *Mynderse*, 165 App. Div. 620.)

The order appealed from should be affirmed, with costs.

All concurred.

Order affirmed, with costs.