Callahan, J.
Plaintiff, an employee in a grocery store, has recovered a judgment for personal injuries, which he sustained by reason of the explosion of a bottle of beer. Defendant was the bottler of the beer, but not the manufacturer of the bottle. Several cases of bottled beer were delivered to the grocery store on or about August 8, 1945, and placed by defendant’s driver in a room at the rear of the store. There was testimony that the cases were not disturbed until August 11,1945, when plaintiff, after moving the cases a few feet, picked the bottles up one at a time and placed them in a refrigerator. As he was thus disposing of the sixteenth bottle, it exploded and injured his eye. There is no proof of any actual or apparent defect in the bottle, although plaintiff produced pieces thereof in court. The trial court, after denying defendant’s motion to dismiss the complaint, submitted the issues to the jiiry under instructions that in order to find negligence on the part of defendant the jury would have to find that there was a defective condition in the bottle. The trial court refused defendant’s request to charge that they might not infer any negligence by reason of the happening of the accident. The jury returned a verdict for the plaintiff.
It is clear that the verdict cannot be sustained upon the present proof, unless the happening of the accident warranted an inference of negligence. We find no controlling authority in this *443 State sustaining the application of the rule of res ipsa loquitur in a case of the present nature. The majority opinion of the Appellate Term, while recognizing that in all of the reported cases in this State involving exploding bottles some evidence of defect had been introduced, found that such proof was not indispensable and rested its holding that res ipsa loquitur would apply on the rulings of courts of other States, where the view was expressed that if due care was shown by the last custodian of bottled beverages, it was obvious that an explosion would not ordinarily result.
We come to a contrary conclusion upon the application of the general principles of law relating to the rule of res ipsa loquitur as laid down by the highest court of this State.
In Foltis, Inc., v. City of New York (287 N. Y. 108, 115), the circumstances justifying the application of the rule of res ipsa loquitur were stated in substance as follows: (1) .the instrumentality which produces the injury must be within the exclusive possession and control of the person charged with negligence and that person must have exclusive knowledge of the care exercised in the control and management of such instrumentality; (2) the surrounding circumstances must show with reasonable probability that the particular accident would not have occurred without legal wrong by the defendant; and (3) the probative value of the circumstantial evidence is to be measured at least in part by the test as to whether it is the best evidence available to the injured person.
In this case the exploding bottle had not been in the exclusive control of defendant for several days prior to the occurrence, and the defendant did not have exclusive knowledge of the care exercised in its control and management during that period.
Secondly, while the explosion of a bottle of beer might be an unusual happening, in our opinion it does not follow from such an occurrence that there is reasonable probability that it would not have occurred except for-legal wrong by the bottler. The duty of the bottler is to make such appropriate inspection and tests of the bottles used as those in the business would recognize as reasonably necessary (Smith v. Peerless Glass Co., 259 N. Y. 292). Evidence of the defects and of the nature of the tests used might make the question of the sufficiency of such tests a matter for the jury (Torgesen v. Schultz, 192 N. Y. 156), or consideration thereof might disclose that a finding of negligence would be unwarranted (Smith v. Peerless Glass Co., supra). But in the absence of any evidence as to any defect in the bottle that reasonable tests might have disclosed, we fail to see how *444 negligence upon the part of the bottler can be inferred from the explosion alone.
Lastly, the application of the rule of res ipsa loquitur depends in part on the production by the injured person of the best evidence available to him. Here the fragments of the bottle were in plaintiff’s possession. He made no attempt to prove therefrom whether any defect had existed in the bottle. His ability to secure proof as to whether the fragments disclosed any patent or discoverable defect in the bottle was at least equal to that of defendant.
The burden of proving negligence is on the plaintiff. The rule of res ipsa loquitur is a common-sense appraisal of the probative value of circumstantial evidence. It is not intended to relieve one party or the other of the expense of producing proof.
Our attention has been called to a statement found in Willey v. Mynderse (165 App. Div. 620), to the effect that the bursting of a soda water bottle was prima facie evidence of negligence. In that case, however, evidence had been produced that the bottle used was a secondhand one that was lopsided, rough, thinner in one place than another, and had iron slag and blisters in it. Despite these patent defects it had been charged with gas, which exercised a pressure of sixty pounds to the square inch. A holding that it was improper to direct a nonsuit upon such proof is not inconsistent with the view that where no defects are shown, the jury will not be permitted to speculate as to whether defects existed or to infer that there was negligence on the part of the bottler.
The determination of the Appellate Term and the judgment of the City Court should be reversed and the complaint dismissed, with costs to the defendant in all courts.