Van Voorhis, J.
(dissenting). Plaintiff was injured by the explosion of a beer bottle which occurred as he was placing it in the cooler in the grocery store in which he was employed. It had been bottled by defendant and delivered at the store with other bottles among several cases three days previously. During that interval the beer remained in the back of the store where it had been placed by the brewery.
The complaint should not be dismissed due to absence from the record of evidence of what caused the explosion of the bottle. The defendant introduced no evidence, but rested on plaintiff’s case.
*445 The court instructed the jury that before the plaintiff could recover he must sustain the burden of proving that the condition of the bottle (including contents) was defective when delivered, but added that the jury might arrive at such a conclusion by circumstantial evidence, and declined to charge that the jury could not infer negligence by reason of the happening of this accident. The effect of the charge was to allow the jury to apply the rule of res ipsa loquitur, which is, in the language of the majority opinion, “ a common-sense appraisal of the probative value of circumstantial evidence.”
It seems to me that the explosion of a beer bottle, which has been kept only for three days under usual conditions in a grocery store, is something which would not occur, in the ordinary course of events, if reasonable care had been employed in the bottling of it. A defendant, to be sure, in order to be held liable on such a theory of circumstantial evidence, must have been in control of the instrumentality which has produced the injury, and, conceivably, this defendant might have been exonerated if he had shown, for example, that he had bought the bottle from a reputable manufacturer which warranted that it would withstand suitable pressures, and after that had made proper tests of the bottle, and had filled it with beer under circumstances and by the use of methods such as would render it unlikely to explode (Smith v. Peerless Glass Co., 259 N. Y. 292). Here the defendant proved nothing; he assumed the burden of going forward with none of the evidence which it was said to be incumbent upon the bottler to produce, aad which the bottler did produce successfully, in the case cited. “ The bursting of the bottle was prima facie evidence of negligence ” (Willey v. Mynderse, 165 App. Div. 620, 621). It may be said that in Smith v. Peerless Glass Co. (supra) there was evidence of defects in the bottle, yet that can hardly distinguish it for present purposes. If the bottle was defective in the instant case, then, clearly, under the authority of the Smith case (supra) the defendant was called upon to make an explanation. If the bottle was not defective, the inference is strengthened that the brewery was negligent in filling it at too high a pressure, or with beer that would develop increased pressure to a dangerous degree after the lapse of three days in a grocery store. In either event, plaintiff had made out a prima facie case. It is not perceived how he destroyed Ms case by not having an expert witness examine the pieces of the broken bottle. Plaintiff produced the broken glass in court, and defendant could easily have obtained an order for discovery and inspection before trial if plaintiff had refused to produce *446 it upon demand. The bottle pertained to defendant’s business; plaintiff knew nothing about it. The defendant was put to his proof, but offered none. It was in the jury’s province to draw inferences of negligence from the facts stated.
If it be said that the instrumentality was not under the control of defendant because defendant did not manufacture the bottle, if that be the fact, it may be answered that in the classical instance of the applicability of the rule of res ipsa loquitur to a railroad accident (e. g., Breen v. N. Y. C. & H. R. R. R. Co. (109 N. Y. 297), the railroad company is called upon to go forward with an explanation notwithstanding that it manufactures neither the locomotive, the railroad cars, the rails, nor the automatic signaling or train control devices. If a wreck were due solely to latent defects in any of these, which in the exercise of reasonable care a railroad company would not discover, the company might be exonerated from liability, but would not be exempted from the operation of the rule of res ipsa loquitur. I believe the same to be true in the case of the explosion of a bottle.
The judgment should be affirmed, with costs.
G-lennon and Peck, JJ., concur with Callahan, J.; Van Vookhis, J., dissents in an opinion, in which Cohn, J., concurs.
Determination of the Appellate Term and judgment of the City Court reversed and the complaint dismissed, with costs to the defendant in all courts. Settle order on notice.