DONALD MACDONALD, Plaintiff, *v.* PACKARD ROCHESTER, INC., et al., Defendants.

Supreme Court, Special Term, Monroe County, July 12, 1954.

*W. Clyde O'Brien* for Packard Motor Car Company, defendant.

*William L. Clay* for plaintiff.

BRASSER, J. Defendant, Packard Motor Car Company, moves, pursuant to rule 106 of the Rules of Civil Practice, for an order dismissing a second amended complaint herein as to the defendant, Packard Motor Car Company, on the ground that the complaint does not state facts sufficient to constitute a cause of action against such defendant.

In his last complaint, plaintiff alleges that on or about July 8, 1953, he purchased from Packard Rochester, Inc., the agent in Rochester, N. Y., of Packard Motor Car Company, a passenger automobile for $3,837.04; that plaintiff exchanged therefor a 1949 Kaiser sedan for the agreed sum of $717.32, paid $500 in cash, and delivered his note and a conditional sales contract for $2,619.72, including the service charge thereon.

Plaintiff further alleges that the automobile so purchased was represented and warranted by the defendant, Packard Rochester, Inc., to be a first-class automobile, "made of proper materials, properly constructed, finished, adjusted and inspected"; that such representations and warranties were untrue and that the automobile was in fact inferior and defective; that the plaintiff has elected to rescind the contract of sale and demands judgment that the conditional sales contract and note delivered to Packard Rochester, Inc., and assigned to the defendant, Security Trust Company of Rochester, be cancelled and set aside.

There is nothing in the complaint showing a privity of contract between the plaintiff and defendant, Packard Motor Car Company.

Plaintiff cites in his memorandum, *Quackenbush* v. *Ford Motor Co.* (167 App. Div. 433) as authority, that the manufacturer of a defective automobile is liable even though there were intermediate parties. This case is not authority for plaintiff's contention herein since, unlike the case at Bar, it was a negligence action. The facts in the *Quackenbush* case are readily distinguishable from those in this action. No damages were sought by reason of the negligence of the manufacturer or its agent.

There can be no warranty where there is no privity of contract. (*Turner* v. *Edison Stor. Battery Co.*, 248 N. Y. 73; *Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468; *Cohen* v. *Dugan Bros.*, 132 Misc. 896; *Blessington* v. *McCrory Stores Corp.*, 279 App. Div. 806 [and cases cited]; *Commissioners of State Ins. Fund* v. *Humm*, 48 N. Y. S. 2d 875, affd. 269 App. Div. 657.)

The motion is granted with costs of the motion.

Submit order.