■ LILLIAN WISNER et al., Respondents, v. HARMAS HOLDING CORP., Respondent, and SEABERG ELEVATOR CO., INC., Appellant.— Action by respondent Lilliam Wisner to recover damages for personal injuries sustained when she was struck by a door of the self-service elevator in the multiple dwelling in which she is a tenant, and by her husband for medical expenses and loss of services. The action was brought against the owner of the building and an elevator service company with which the owner contracted to maintain, service and keep the elevator in operating condition. The complaint alleges that the accident was caused by negligent maintenance. The owner served a cross complaint against the service company on the ground, among others, that

the accident was the result of negligent repairs made by the service company. The service company moved, in the City Court of the City of New York, Kings County, to dismiss both the complaint and the cross complaint for insufficiency. The order denying the motion was affirmed by the Appellate Term, and the appeal is from that order, by permission of this court. Order unanimously affirmed, with costs. Respondents Wisner may maintain this action in tort against the service company, even though they were not parties to the contract between the owner and the service company, if there is proof of negligent performance by the latter of the duty which it assumed. (*Kelly* v. *Watson Elevator Co.*, 309 N. Y. 49; *Blanchard* v. *Otis Elevator Co.*, 266 App. Div. 864; *Kahner* v. *Otis Elevator Co.*, 96 App. Div. 169, affd. 183 N. Y. 512; *Rosenbaum* v. *Branster Realty Corp.*, 276 App. Div. 167.) The cross complaint against the service company is likewise sufficient, it being a question of fact to be determined on the trial whether the owner was guilty of active or passive negligence. (*Swanson* v. *97 Fifth Ave. Corp.*, 286 App. Div. 994, affg. 141 N. Y. S. 2d 125.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ. [See *post*, p. 1027.]