Per Curiam.

This major medical policy covered loss resulting from (1) sickness contracted or commencing while the policy was in force or (2) bodily injuries caused by an accident occurring while the policy was in force. It contained a clause limiting to $1,600 the maximum payable for any one continuous period of treatment of mental disease or deficiencies.
A “ sickness ”, of course, can have its origin in a weakness, defect or condition existing long before the issuance of the policy. A ‘ ‘ bodily injury ’ ’, however, must be caused by an accident, an objective event, occurring while the policy is in force.
In Prince v. United States Life Ins. Co. in City of N. Y. (42 Misc 2d 410, affd. 23 A D 2d 723, affd. 17 N Y 2d 742) it was held that psychiatric treatment resulting from a “bodily injury ’ ’ caused by an accident occurring while the policy was in force was not subject to the monetary limitation for treatment of mental disease or deficiencies but was a fully covered loss. Thus, the monetary limitation was deemed applicable to treatment of mental disease or deficiencies only when viewed as a mental disorder unconnected with bodily injury, that is, a “ sickness ”.
Here, even assuming that plaintiff can prove his theory that his son’s condition resulted from brain damage and brain injury at birth several years before the issuance of this policy, there could be no recovery on the ground of ‘ ‘ bodily injury ’ since the accident, under such assumed state of facts, did not occur while the policy was in force. Recovery could be had only by viewing his condition as a “ sickness ”. But, as a mental sickness, its treatment falls within the $1,600 monetary limitation and that is what defendant did pay.
The two-year incontestability clause merely serves to prevent such claim from being denied or reduced on the ground of preexistence of the condition, but it does not affect a limitation provision, otherwise applicable. Here the claim was not denied; and was reduced, not on the ground of pre-existence of the condition, but because of the limitation clause. Defendant did not contest the claim but paid it subject to the limitation provided *371 for treatment of such condition. Defendant’s motion for summary judgment was properly granted.
The orders should be affirmed, with $10 costs.
Concur — Gold, J. P., Hoestadter and Streit, JJ.
Orders affirmed, etc.