**William E. FULLER, Plaintiff,**

v.

**MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY, Defendant.**

**No. 83 Civ. 6250 (MEL).**

United States District Court, S.D. New York.

March 7, 1988.

Virgil N. Woolfolk, New York City, for plaintiff.

McCormick, Dunne & Foley, New York City, for defendant; Joseph P. Altman, Jr., of counsel.

LASKER, District Judge.

This action involves a dispute regarding the interpretation of a sickness and accident disability insurance policy. The defendant, Massachusetts Indemnity and Life Insurance Company (MILICO), moves for summary judgment, and the plaintiff, William E. Fuller, cross-moves for summary judgment. There are no disputed issues of material fact, and MILICO's motion is granted.

*Facts*

The plaintiff, William E. Fuller, initiated this action to recover additional payments under two insurance policies issued by MILICO. The policies provide for two different periods of indemnity depending upon whether the insured is totally disabled as a result of a "sickness" or an "accident." Under the "sickness" provision of the policies, benefits are paid for five years, while under the "accident" provision, benefits are paid for the insured's lifetime. The insuring clause states that MILICO:

> Does hereby insure the person named in the Policy Schedule on page 3 for a disability income ... in the event of disability which results from accidental bodily injury sustained while this policy is in force or in the event of disability which results from sickness which first manifests itself while this policy is in force, to the extent herein provided and subject to the exceptions and other provisions contained herein.[1]

The policies also contain an incontestability clause, mandated by New York law, which provides that disability benefits cannot be denied or reduced based on a preexisting condition which manifests itself during the coverage period, provided it is more than two years from the date the policy was issued.

The policies were issued in 1970, and after they had been in effect for more than two years, Fuller developed serious eye problems. In 1975, upon the advice of his physician, Fuller gave up his regular occupation. It is undisputed that the eye conditions resulted from injuries he received during a robbery and mugging that took place in 1959, prior to the insurance coverage period. It is also undisputed that the eye conditions resulted in his total disability.[2] What is disputed, because the accident took place before the policy's effective date, but the injuries did not manifest themselves until after the policy was in effect, is whether the disability should be characterized as a "sickness" or as the result of "accidental bodily injuries sustained while the policy [was] in force."

MILICO made disability payments to Fuller for five years, treating his disability as a "sickness" and not an "accident." MILICO's view was that, because the injury was the result of an accident that occurred years before the policy was in force, the disability could not be considered "accidental bodily injury" under the policy, which limits recovery to accidental injuries sustained during the policy period. On this theory, MILICO ceased disability payments to Fuller after 1980, five years from the date Fuller began receiving disability payments. Fuller has received no disability benefits since that time.

*Discussion*

On the present motion, the parties do not dispute any issues of fact. The disputed issue is a legal one involving the appropriate interpretation of an insurance policy. There is no dispute regarding the extent or origin of the plaintiff's disability, the applicable policies, or the policies' coverage dates. The only issue is whether the insurance company was correct to limit recovery based on the provision requiring that a "bodily injury" be caused by an accident that occurred while the policy was in force.

Disputes regarding the terms of an insurance policy, as in the case of any contract, are resolved according to the meaning of the agreement. However, when an

---

1. *See* Defendant's Exhibits ("DX") A and B at 1 (insuring clause of Massachusetts Indemnity and Life Insurance disability policy of insurance).

2. For purposes of this motion only, MILICO does not contest Fuller's total disability. MILICO planned to contest the policies' "total disability" provisions had this action proceeded to trial.

insurance policy is subject to more than one reasonable interpretation, it is well-established in insurance law that the policy is generally construed favorably to the insured and strictly against the insurer. *Niagara County v. Utica Mutual Ins. Co.*, 80 A.D.2d 415, 439 N.Y.S.2d 538 (4th Dept. 1981); *Allstate Ins. Co. v. Klock Oil Co.*, 73 A.D.2d 486, 426 N.Y.S.2d 603 (4th Dept. 1980). Fuller claims that the incontestability clause in his policy, as interpreted by *Monarch Life Ins. Co. v. Brown*, 125 A.D. 2d 75, 512 N.Y.S.2d 99 (1st Dept.1987), when read with the policy's limitation clause, creates such an ambiguity, which should be resolved in his favor. MILICO relies on *Wallach v. Monarch Life Ins. Co.*, 74 Misc.2d 369, 345 N.Y.S.2d 1020 (App.Term, 1st Dept. 1969) for the proposition that there is nothing ambiguous in an insurance policy which contains an incontestability clause as well as one requiring that accidental bodily injuries occur during the term of the policy.

In *Wallach*, 345 N.Y.S.2d at 1020, the insurance policy contained an accident clause quite similar to the one in Fuller's policy. The plaintiff sought recovery on the theory that his son's brain damage and brain injury were the result of an accident at birth. The court denied recovery, finding that "even assuming that plaintiff can prove his theory [that the condition resulted from an accident], there could be no recovery on the ground of 'bodily injury,' since the accident, under such assumed state of facts, did not occur while the policy was in force." *Wallach*, 345 N.Y.S.2d at 1021. The court also found that the policy's incontestability clause "merely serves to prevent such claim from being denied or reduced on the ground of pre-existence of the condition, ... it does not affect a limitation provision, otherwise applicable." *Wallach*, 345 N.Y.S.2d at 1021.

Fuller argues that *Wallach* is not relevant because the disability there, even if the result of an accident, manifested itself long before the policy was in effect, as opposed to Fuller's disability which mani-

fested itself two years after the policy was in effect. Fuller argues that his disability resulted from a preexisting condition which was the result of an accident, and because the effects manifested themselves more than two years after the policy took effect, the policy's incontestability clause should apply. The policies' incontestability clause, mandated by N.Y.Ins. Law § 3216(d)(1) (McKinney 1985), states that:

> Any disability which commences after two years from the policy date and which is the result of causes not excluded from coverage by name or specific description will be considered to be the result of causes which manifested themselves after the policy date.[3]

Fuller contends that the inclusion of the above clause, as well as the accident clause in the same policy, subjects the policy to more than one reasonable interpretation which must be resolved in his favor. However, the case Fuller cites for support, *Monarch Life Ins. Co. v. Brown*, 125 A.D. 75, 512 N.Y.S.2d 99, does not adequately support his position.

In *Brown*, the Court held that a clause which required a disability to be the result of a sickness which first manifested itself while the policy was in force was inconsistent with the incontestability clause in the policy. The court concluded that to allow the insurance company to deny the plaintiff disability benefits because his heart condition was a preexisting condition and, therefore not an illness which "first manifest[ed] itself while the policy was in force," would render the policy's incontestability clause without effect. The court rejected the insurance company's reasoning because it concluded that the legislature, in requiring the incontestability clause, could not have intended the clause to be a nullity. The Court found that the "proper interpretation of the incontestability clause is to deny benefits when disability caused by preexisting illness occurs within the two-year contestability period and to allow re-

---

**3.** *See* DX A and B at 1, Part II. B. (Massachusetts Indemnity and Life Insurance Company disability policy of insurance).

covery when such disability occurs more than two years from the inception of the policy." *Brown*, 512 N.Y.S.2d at 103.

The *Brown* rationale, however, is not applicable to Fuller's argument that he is entitled to lifetime benefits because his disability was the result of a preexisting condition which resulted from an accident. In Fuller's case, as in *Wallach*, the incontestability clause was not rendered null. MILICO did not deny Fuller benefits *"on the ground of pre-existence of the condition,* but because of the limitation clause." *Wallach*, 345 N.Y.S.2d at 1021 (emphasis added). MILICO paid Fuller benefits for five years, but declined to pay Fuller lifetime benefits because, contrary to his policy's requirements, his disability was the result of accidental bodily injuries that were received prior to the existence of the policy.

Moreover, as discussed above and contrary to Fuller's claim, the *Wallach* court did consider that policy's two year incontestability clause. The court found that the clause "merely serves to prevent such claim from being denied or reduced on the ground of pre-existence of the condition, ... it does not affect a limitation provision, otherwise applicable." *Wallach*, 345 N.Y.S.2d at 1021. *Wallach*'s holding is contrary to Fuller's argument that an incontestability clause has any bearing on a limitation clause requiring that accidental bodily injuries be sustained while the policy is in force.

MILICO's motion for summary judgment is granted, and Fuller's cross motion is denied.

It is so ordered.